## DUDLEY v. FISHER.

No. 3993.   Opinion Filed February 23, 1915.

(146 Pac. 708.)

**REPLEVIN—Crops—Ownership—Sufficiency of Evidence.** In an action in replevin for 200 bushels of corn, plaintiff, to maintain the issues on his part, introduced two leases made by two Caddo Indians demising their two respective and adjoining tracts of land to one F. They contained the usual covenants against subleasing or transferring any of the estate, interest, or term of the lessee in the land "without the consent thereof of the party of the first part in writing first obtained and the approval of the Secretary of the Interior," which was not had. They disclosed that plaintiff was one of the sureties of the lessee for the punctual payment of rent and the performance of all the covenants and agreements therein contained, and the evidence was that after the leases were made, executed and delivered the lessee defaulted in payment for rent; whereupon plaintiff responded on his bond and paid the same. The lessee thereupon yielded possession of the land to him for the year 1909, which was included in his term, whereupon plaintiff for that year rented the land to one V. F. and another for one-fourth of the cotton and one-third of the corn, whereupon they took possession as his tenants, and the corn in question was raised by V. F. on the land, and was part of plaintiff's share, if any, of the rent and which V. F. moved off the land and sold to defendant **Held,** that the evidence did not reasonably tend to prove that plaintiff had any title thereto, an a judgment for him was error.

(Syllabus by the Court.)

*Error from County Court, Caddo County;*

*C. B. Case, Special Judge.*

Replevin by C. C. Fisher against J. C. Dudley. Judgment for plaintiff, and defendant brings error. Reversed and rendered.

*C. H. Carswell,* for plaintiff in error.

*W. W. Vaughn,* for defendant in error.

TURNER, J.   This is a suit in replevin for 200 bushels of corn, originally brought by C. C. Fisher against J. C. Dudley before a justice of the peace.   On trial anew in the county court of Caddo county, to which it was appealed, there was trial to the court and judgment for plaintiff, and defendant brings the case here.   To maintain the issues on his part, plaintiff introduced in evidence, over objection, two leases of their land made by two Caddo Indians to one John Fisher, for a term of years, including the year 1909, both duly approved by the Secretary of the Interior. They contained the usual covenants against subleasing or transferring any of the estate, interest, or term of the lessee in the land "without the consent thereto of the party of the first part in writing first obtained and the approval of the Secretary of the Interior," and it is not contended that such consent or approval was obtained.   They also disclose that the demised premises were contiguous to each other, and that plaintiff was one of the sureties of the lessee for the punctual payment of rents and the performance of all the covenants and agreements therein contained.   He also proved that after the leases were made, executed, and delivered the lessee defaulted in payment of rent, whereupon plaintiff responded upon his bond therefor and paid the same; that the lessee thereupon yielded possession of the land to him for a certain length of time, including the year 1909; that for that year he rented the land to Vol Fisher and one Black upon the customary terms of one-fourth of the cotton and one-third of the corn; that they took possession as his tenants; and that the corn in question was raised by Fisher on the land, and was a part of plaintiff's share of the crop which Fisher had moved off the land and sold to defendant.   Although the leases contain nothing to indicate that the lessee therein sublet or parted with any part of term in the premises to plaintiff, much less that such was with the consent of the lessor and the approval of the Secretary of the Interior, nevertheless plaintiff, it seems, contends that he was, in effect, a sublessee, and that, when he responded on his

bond and paid the rent for which the lessee had defaulted, he thereby became subrogated to all the rights of the lessee in the demised premises, and had the right to rent the same to Vol Fisher and Black, as he did. By implication he further contends that, having that right, the relation of landlord and tenant existed between himself and said Fisher, and, as landlord, he had a lien upon the corn, and could maintain replevin therefor. He cites no authority in support of his contention, and we can find none. In fact, he files no brief in support of the action of the court in rendering judgment in his favor. Of course, as the evidence does not tend to prove that he had any interest in the term or any title to the corn, the judgment of the court was without evidence to support it and should be reversed and rendered.

It is so ordered.

All the Justices concur.